107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Angel PADILLA, aka Cuson, et al., Defendants,
James BOGGIO, aka Jay, Defendant-Appellant.
 No. 96-1470.
 United States Court of Appeals, Second Circuit.
 Feb. 10, 1997.
 
 1
 APPEARING FOR APPELLANT: ERIC SCHLOSSER, ESQ. NEW YORK, NEW YORK
 
 
 2
 APPEARING FOR APPELLEE: STEVEN R. PEIKIN, ESQ. ASSISTANT UNITED STATES ATTORNEY, NEW YORK, SOUTHERN DISTRICT OF NEW YORK
 
 
 3
 Present: WALKER, Jr., PARKER, HEANEY,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Haight, C.), and was argued by appellant and submitted by appellee.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 6
 Pursuant to a plea agreement, on December 16, 1994, defendant-appellant James Boggio ("Boggio") pled guilty to one count of conspiracy to commit a murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5), one count of using a firearm during the commission of a violent crime in violation of 18 U.S.C. §§ 924(c)(1) and 2, and one count of conspiracy to commit an assault with a dangerous weapon in aid of a racketeering activity in violation of 18 U.S.C. § 1959(a)(6). On February 16, 1995, Boggio moved to withdraw his plea of guilty to having conspired to commit assault ("Count Three"). In an opinion issued on February 23, 1995, the district court denied the motion, see United States v. Boggio, No. S7 94 Cr. 313, 1995 WL 77722 (S.D.N.Y. Feb. 23, 1995), and on June 27, 1995, sentenced Boggio to a term of 173 months' imprisonment, to be followed by three years of supervised release, plus a $150 special assessment. Boggio now appeals the final judgment of conviction on the ground that the district court should have permitted him to withdraw his guilty plea as to Count Three.
 
 
 7
 We repeat the well established rule that a defendant has no absolute right to withdraw his or her guilty plea. Rather, Rule 32(d) of the Federal Rules of Criminal Procedure provides that a district court may permit withdrawal of a guilty plea prior to the imposition of sentence "upon a showing by the defendant of any fair and just reason." The defendant thus bears the burden of persuading the trial court that valid grounds for withdrawal exist. See United States v. Rodriguez, 968 F.2d 130, 141 (2d Cir.1992). Boggio argues that he satisfies this burden because the record indicates that there is an inadequate factual basis for his plea of guilty.
 
 
 8
 Federal Rule of Criminal Procedure 11(f) provides that "[n]otwithstanding the acceptance of a guilty plea, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Boggio argues that as a consequence of an ambiguous allocution conducted jointly by Boggio's counsel and the district court, the factual basis for his guilty plea to Count Three is inadequate. In particular, he asserts that the "allocution failed to establish that defendant engaged in the assault conspiracy, as opposed to possession of a weapon, for the purpose of maintaining his position in the racketeering enterprise." See Brief of Defendant-Appellant, James Boggio, at 4. We disagree.
 
 
 9
 First, the district court clearly and unequivocally stated to Boggio:
 
 
 10
 Count Three charges that in or about May of 1992, either in exchange for a promise to pay you money or in order to gain entrance to and maintain and increase your position in the C & C organization, you and others conspired, which is to say agreed, to assault a particular individual which the information refers to as John Doe and to assault that individual with a dangerous weapon. Do you understand that is the charge against you in Count Three?
 
 
 11
 Joint Appendix, at 53-54. Boggio responded in the affirmative. Shortly thereafter, the district court asked Boggio about his conduct with regard to Counts One and Two. With respect to Count Three, defense counsel asked for, and received, permission to conduct the allocution. The following colloquy occurred:
 
 
 12
 Mr. Richman: Mr. Boggio, in May did you agree with others to conspire to assault an individual, an unknown person.
 
 
 13
 Defendant: Yes.
 
 
 14
 Mr. Richman: And you possessed the gun that you plead [sic] guilty to in the state with regard to that, did you not?
 
 
 15
 Defendant: Yes.
 
 
 16
 ...
 
 
 17
 Mr. Richman: Did you do that similarly in Count One? Did you do that to maintain your position as regards Mr. Calderon and C & C?
 
 
 18
 Defendant: Yes.
 
 
 19
 Mr. Richman: That was in May of 1992 in the Bronx?
 
 
 20
 Defendant: Right.
 
 
 21
 ...
 
 
 22
 Mr. Richman: As to Counts One, Two and Three and the actions that you did in regard to those counts, did C & C exist as an organization that extorted money in the Bronx with drug dealers and did you do those crimes in relation to that enterprise of C & C?
 
 
 23
 Defendant: I did in connection with--relation to the C & C enterprise?
 
 
 24
 Mr. Richman: Did the enterprise exist?
 
 
 25
 Defendant: Yes, I believe.
 
 
 26
 Mr. Richman: It did?
 
 
 27
 Defendant: Yes.
 
 
 28
 Joint Appendix at 67-68. We agree with the district court that Boggio's reading of this portion of the transcript to eliminate any connection between the conspiracy to assault and the racketeering enterprise is both "strained and narrow," see United States v. Boggio, No. S7 94 Cr. 313, 1995 WL 77722 (S.D.N.Y. Feb. 23, 1995), particularly when viewed in the context of the entire plea allocution, see United States v. Lora, 895 F.2d 878, 881 (2d Cir.1990) (affirming denial of motion to withdraw guilty plea even when particular colloquy, viewed in isolation, arguably shows that the defendant was uncertain of charges against him, because "the record discloses that overall the court obtained Lora's clear acknowledgement that he understood the allegations and agreed to the factual basis for the plea"). We find that the above quoted section is sufficiently clear that Boggio was pleading guilty to the fact of conspiring to commit an assault, with a gun, for the larger purpose of maintaining his position with C & C. Accordingly, we find that the district court's conclusion to that effect was not an abuse of discretion. See United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992).
 
 
 29
 We affirm the judgment of the district court.
 
 
 30
 A district court's findings of fact supporting the denial of a motion to withdraw a guilty plea are subject to the clearly erroneous standard of review, whereas the denial itself is reversed only if it constitutes an abuse of discretion. See United States v. Williams, 23 F.3d 629, 635 (2d Cir.1994).
 
 
 31
 Second, we note that factors relevant to a court's decision whether or not to allow a defendant to withdraw a guilty plea include wh
 
 
 32
 In the present case, Boggio argues that there was in a insuffcicent factual basis for
 
 
 
 *
 The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation